DECISION
Appellant, Dorothy A. Ferguson (now Cocola), and appellee, Richard Ferguson, were divorced in 1987, and have been engaged in post-decree litigation ever since. At some time, Judge Donald Dodd, a retired judge of the Champaign County Court of Common Pleas, was appointed by the Chief Justice of Ohio to preside over the various post-decree motions filed by the parties. Effective September 18, 1998, the Chief Justice withdrew Judge Dodd's appointment and appointed Judge Stephen Yarbrough, a retired judge of the Lucas County Court of Common Pleas to preside in Ferguson v. Ferguson, case No. 86DR082586. This appeal results from actions taken by Judge Dodd after his appointment was terminated by the Chief Justice.
On September 21, 1999, one year after his appointment to preside in this matter had been withdrawn, Judge Dodd issued an order of reference and set two motions to be heard before a magistrate of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The motions referenced in the order were a motion to modify child support filed by appellant on March 27, 1998, and a motion to terminate child support filed by appellee on June 8, 1998. The motions were set for a hearing on October 26, 1999, at which time the magistrate determined that the order of reference was void ab initio inasmuch as Judge Dodd's authorization to preside in the matter had been withdrawn a year earlier. The magistrate further found that the motions referred had been ruled on by another magistrate. Appellant's objections to the magistrate's decision were overruled, and she has filed a timely notice of appeal setting forth the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ADOPTED AS ITS OWN THE "MAGISTRATE'S DECISION PURSUANT TO 60(A)", DATED NOVEMBER 1, 1999, FINDING THAT "* * * THE ORDER OF REFERENCE * * * WAS VOID AB INITIO * * * [AND THAT] PLAINTIFF'S MOTIONS * * * [WERE] MOOT".
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT'S "DECISION AND ENTRY", DATED NOVEMBER 19, 1999 AND FROM WHICH THE INSTANT APPEAL STEMS, IS ERRONEOUS FOR IT WAS ISSUED WITHOUT CONDUCTING A FULL-EVIDENTIARY HEARING ON PLAINTIFF'S/APPELLANT'S OBJECTIONS; IT FAILS TO COMPLY WITH CIV.R. 53; IT IS CONTRARY TO LAW; IT IS IN ABUSE OF DISCRETION; IT IS PLAIN ERROR AND AS A RESULT THE APPELLANT AND THE CHILDREN OF THE PARTIES ARE ONCE AGAIN PREJUDICED AND DENIED JUSTICE.
Appellant's assignments of error are related and will be addressed together. The only issue before this court is whether the trial court followed the correct procedure in ruling on appellant's objections and whether the court was correct in its conclusion that Judge Dodd's order of reference was void and, in the alternative, that appellant's objections were barred on the basis of res judicata. The merits of appellant's motion relating to child support are not presently before this court.
Civ.R. 53(E)(4)(b) provides:
 (b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
Thus, the rule provides that, unless the party is able to show that new evidence is to be presented at a hearing on the magistrate's decision that could not have been, with reasonable diligence, presented to the magistrate, the court, in its discretion, may refuse to set an evidentiary hearing. Appellant argues that a hearing was necessary to present evidence of appellee's income to support her motion to modify child support; however, as discussed above, this was not the issue presented to the trial court by the magistrate's decision. Appellant further argues that, if Judge Dodd's order of reference in this matter was void, so was his decision rendered November 24, 1998. That decision, however, is not before the court in this appeal. Rather, the only issue was whether the order of reference was valid. Inasmuch as all the evidence relating to this issue was in the court records, the trial court did not abuse its discretion in refusing to set an evidentiary hearing on appellant's objections to the magistrate's decision.
It is clear from the record that the Chief Justice of Ohio terminated any authority Judge Dodd had to preside in this case as of September 18, 1998, and, therefore, the order of reference, which is the only matter before this court, was void abinitio.
Even assuming Judge Dodd's order of reference was valid, appellant's March 27, 1998 motion to modify child support was heard by another magistrate in May 1998. The magistrate's decision was adopted by the trial court and that judgment was affirmed by this court in Ferguson v. Ferguson (Mar. 21, 2000), Franklin App. No. 99AP-518, unreported. Thus, the trial court did not err in dismissing appellant's objections on the alternative basis of res judicata.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
 __________________ BOWMAN, P.J.
BROWN and KENNEDY, JJ., concur.